**Dated: January 28, 2020**

ORDERED.

_Karen S. Jennemann_
Karen S. Jennemann
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

DAVID R BILLSBOROUGH
PATRICIA A BILLSBOROUGH

Debtor.                          /

Case No.: 19-bk-02033
Chapter 7

**AGREED ORDER GRANTING MOTION TO SELL REAL PROPERTY**
**AND PAY SECURED CREDITORS AND TRANSACTIONAL COSTS**
(12836 Jacob Grace Ct)

THIS CASE came before the court to consider Chapter 7 Trustee, Dennis Kennedy's ("Trustee") *Motion to Sell Real Property and Pay Secured Creditors and Transactional Costs* (the "Motion") (Dkt. No. 38). The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 21 days of the date of service; Secured Creditor, MEB Loan Trust IV, filed a response to the motion (DE# 36), Secured Creditor, US Bank National Association, filed a limited objection the motion (DE# 40) and the Secured Creditors have consented to the Motion. By submission of this order for entry, the submitting counsel represents that the opposing party consents to its entry. Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1. The notice of the Motion is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED.

3. The Trustee is authorized to sell the real property located at:

    Tildens Grove PH 1 47/65 Lot 58 as recorded in property records of Orange County, Florida located at 12836 Jacob Grace Court, Windermere, FL 34786 (the "Property")

4. The Trustee is authorized to pay the servicer for the secured mortgage creditor, PHH Mortgage Services, ("Secured Creditor") the amount of their lien as of the date of closing or other amount agreed to in writing by PHH Mortgage Services to release their lien.

5. The Trustee is authorized to pay the servicer for the secured mortgage creditor, Select Portfolio Servicing, Inc., the amount of their lien as of the date of closing or other amount agreed to in writing by SPS to release their lien.

6. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtors in the Real Property to Dr. Garth Becker and/or their assigns or other disinterested, bona fide purchaser (the "Buyer").

6. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| 2% to BK Global | $13,270.00 |
| 2% to Eola Park Realty | $13,270.00 |
| 2% to Century 21 | $13,270.00 |

| | |
|---|---:|
| Title Charges: | $2,028.50 |
| Transfer Taxes: | $4,982.00 |
| HOA Fees | $3,882.25 |
| Other / Debits (i*ncl. 506(c) surcharge*) | $45,455.21 |
| Satisfaction of Liens: | |
| PHH          (home mortgage) | $582,285.96 |
| SPS           (Junior lien) | $6,000.00 |
| Servpro | $7,457.88 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and with the written consent of the lienholder, Secured Creditor.

7. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

8. The Trustee is authorized to pay the real estate agent's fees in the total amount of $39,810.00 from the proposed sale of the property.

9. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

10. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by the parties including PHH Mortgage and SPS without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

11. The 14-day appeal period provided for under B.R.C.P. Rule 6004(h) be waived so that the sale of the Real Property may close immediately upon the entry of an order granting the instant motion.

### 

Dennis Kennedy, Trustee, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.